UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TIM RENCHEN,                                    CASE NO.: 1:13-cv-752

              Plaintiff,                        Barrett, J.
                                                Litkovitz, M.J
    v.

COMMISSIONER OF
SOCIAL SECURITY,

              Defendant.

## OPINION AND ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("Report"), which recommends affirming the decision of Defendant Commissioner of Social Security. (Doc. 16). Notice was given to the parties under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). (Doc. 16, PageId 447). Plaintiff Tim Renchen filed objections to the Report on December 11, 2014. (Doc. 17). This matter is now ripe for review.

## I.     SUMMARY OF REPORT AND OBJECTIONS

In the Report, the Magistrate Judge recommended affirming Defendant's denial of disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Doc. 16, PageId 424, 445). In making that recommendation, the Magistrate Judge determined that four specific errors identified by Plaintiff should be overruled. (*Id.*, PageId 428-45). First, the Magistrate Judge determined that the ALJ did not err in weighing the medical opinion evidence of record. (*Id.*, PageId 429). Second, the Magistrate Judge determined that the ALJ did not err in formulating Plaintiff's RFC either by determining that Plaintiff retained the ability to use his hands frequently for handling and fingering or by failing to account for Plaintiff's marked limitations in social functioning. (*Id.*, PageId 437-42). Third, the Magistrate Judge determined

1

that the ALJ did not erroneously characterize the record evidence pertaining to Plaintiff's activities of daily living. (*Id.*, PageId 442-44). Fourth, the Magistrate Judge determined that remand under Sentence Six to consider new evidence was not warranted. (*Id.*, PageID 444-45).

## II. LEGAL STANDARDS

### A. Objections

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the magistrate[ judge's] report has the same effects as would a failure to object." *Howard v. Sec'y of H.H.S.*, 932 F.2d 505, 509 (6th Cir. 1991). Only specific objections are entitled to de novo review under the Magistrate Judge's Act, 28 U.S.C. § 636. *Id.*; *see also Fairfield v. Wacha*, No. 1:07-cv-948, 2008 U.S. Dist. LEXIS 15119, at *4-5 (W.D. Mich. Feb. 28, 2008). The reason for that requirement is:

> [t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard*, 932 F.2d at 509. Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue. *Id.* Merely restating arguments previously presented, stating a disagreement with a magistrate judge's suggested resolution, or simply summarizing

what has been presented before is not a specific objection that alerts the district court to the alleged errors on the part of the magistrate judge.  *Id.* at 508-09; *see also Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997), *cert. denied*, 522 U.S. 1030 (1997).

   **B.  Judicial Review of Commissioner's Decision**

   Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a two-fold inquiry.  *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). First, the court must determine if substantial evidence supports the Commissioner's decision. Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  In deciding whether the Commissioner's findings are supported by substantial evidence, the court considers the record as a whole.  *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).  When the ALJ's decision is supported by substantial evidence, the court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence.  *Blakely*, 581 F.3d at 406 (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  Second, the court must determine whether the ALJ applied the correct legal standards.  *Blakely*, 581 F.3d at 405.  Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen,* 478 F.3d at 746).

**III.   ANALYSIS**

While Plaintiff does not specify the particular conclusions of the Magistrate Judge to which he objects, the Court identifies the seven objections addressed below.

### A.  First Objection

Plaintiff's first objection appears to be that the Report failed to address Plaintiff's advanced age and that remand is appropriate on that basis.  (Doc. 17, PageId 448-49).  As this argument was not raised to the Magistrate Judge (*see* Docs. 11, 15), it is waived and need not be considered here.  *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 518 (6th Cir. 2010) (quoting *Ward v. United States*, 208 F.3d 216 (6th Cir. 2000) (unpublished table decision)) ("'[A] claim raised for the first time in objections to a magistrate judge's report is deemed waived.'"); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (recognizing that issues raised for the first time in objections of the magistrate judge's recommendation are deemed waived).[1]

### B.  Second Objection

Although not pointing to any specific erroneous conclusion of the Magistrate Judge, Plaintiff appears to contend that the Magistrate Judge erred in her assessment as to whether the ALJ properly evaluated the consultative examination findings and opinion of Martin Fritzhand, M.D.  (Doc. 17, PageId 449).  He argues that Dr. Fritzhand's examination occurred in November 2010 and the ALJ did not properly give weight to the subsequent medical records concerning Plaintiff's hand treatment and mental health treatment.  (Doc. 17, PageId 449).  He claims that the treating source rule was not applied properly.  (Id.).

The Magistrate Judge considered Dr. Fritzhand's findings and opinions in two separate parts of her Report.  First, she considered them in evaluating whether the ALJ erred in weighing

---

[1] Further, the ALJ expressly recognized that Plaintiff subsequently changed his age category to close to approaching advanced age. (Doc. 9, PageId 61).

the medical opinions of Plaintiff's treating source in regards to her mental functional capacity.

(Doc. 16, PageId 429-31).  The Magistrate Judge stated:

> [P]laintiff's argument that the ALJ erred by giving greater weight to Dr. Fritzhand's consultative examination findings and opinion than to Mr. Conley's misses the mark.  Dr. Fritzhand conducted a *physical* examination of plaintiff and his medical opinion on plaintiff's functional capacity related only to plaintiff's physical impairments.  Dr. Fritzhand did not render an opinion regarding plaintiff's mental impairments or functionality.  *See* Tr. 237-44. While Dr. Fritzhand found that plaintiff presented with normal mental status and intellectual functioning (Tr. 238), there is no indication whatsoever that the ALJ relied on this finding in assessing plaintiff's functional limitations related to his mental impairment. Indeed, review of the ALJ's decision reveals that the ALJ relied exclusively on Mr. Conley's progress notes and opinion and on plaintiff's testimony in determining the functional limitations presented by plaintiff's mental impairment. *See* Tr. 22-23, 26-27. Plaintiff has failed to identify any evidence from which the Court can reasonably discern that the ALJ improperly relied on Dr. Fritzhand's opinion in assessing plaintiff's mental functional capacity.

(Doc. 16, PageId 436-37).

Second, the Magistrate Judge considered Dr. Fritzhand's November 2010 examination of Plaintiff in considering whether the RFC formulated by the ALJ properly accounts for the functional limitations from plaintiff's trigger finger impairment.  (*Id.*, PageId 437).  After discussing what his physical examination of Plaintiff showed, the Magistrate Judge continued to discuss other record evidence on the issue, including treatment notes from Arnold Penix, M.D., who treated Plaintiff for "trigger fingers" from August 22, 2011 to November 22, 2011, and Plaintiff's testimony.  (*Id.*, PageId 437-38).  The Magistrate Judge then rejected Plaintiff's argument that the medical record supports his testimony and the conclusion that he does not have good use of his hand bilaterally such that the ALJ's RFC lacks substantial support.  (*Id.*, PageId 439).  She stated:

> The ALJ accurately discussed the limited evidence of record regarding plaintiff's hand impairment.  *See* Tr. 25.  This evidence, related above, demonstrates that plaintiff's right index finger release procedure was effective as it provided him "good relief" and his left index finger was no longer

triggering.  *See* Tr. 348.  Dr. Penix, plaintiff's orthopedist, opined one week before the ALJ hearing that plaintiff had no ongoing issues aside from some numbness which would dissipate with time and stretches.  (Tr. 256, 348).  Further, the manual testing performed by Dr. Fritzhand revealed that plaintiff retained full strength and use of his hands and the doctor substantially supports the ALJ's conclusion that plaintiff retains the RFC to frequently use his hands for handling and fingering.

Plaintiff[] has not cited to any medical evidence or opinion demonstrating that the ALJ's formulation does not adequately accommodate his trigger finger impairment.

(*Id.*, PageId 439).

Upon de novo review, the undersigned concludes that the Magistrate Judge did not err in her analysis as to Dr. Fritzhand.  The Magistrate Judge correctly indicated that the ALJ placed no weight on the mental health assessment of Dr. Fritzhand in his decision, and Plaintiff has not shown otherwise.  Additionally, the Magistrate Judge properly determined that there was limited evidence of record regarding Plaintiff's hand impairment, and also properly considered the available evidence as to the hand impairment to determine whether the ALJ's limitation was substantially supported by the evidence.  Having reviewed both findings, the undersigned agrees with the Magistrate Judge that the ALJ's conclusion that Plaintiff retains the RFC to frequently use his hands for handling and fingering was substantially supported by the record.  As Plaintiff's objections fail to alter the correct analysis of the Magistrate Judge, they are hereby overruled.

## C.    **Third Objection**

Plaintiff contends that the Magistrate Judge erred by concluding that the ALJ properly articulated his reasons for discounting the treating physician Dr. Shah.  (Doc. 17, PageId 449).  Plaintiff provides no analysis as to why that conclusion was wrong or how de novo review would change the result.  Rather, Plaintiff expresses a mere disagreement with the conclusion of the Magistrate Judge, which fails to identify any error in the Report.

Nevertheless, the undersigned finds that the Magistrate Judge thoroughly addressed this issue in the Report, concluding that the ALJ provided "good reasons" for discounting the opinion of Dr. Shah, assuming *arguendo* that he was Plaintiff's treating physician. (Doc. 16, PageId 435-36). Specifically, the Magistrate Judge concluded that the ALJ identified the inconsistencies between the progress notes of Dr. Conley as a whole and the opinions of Dr. Conley that were endorsed by Dr. Shah. (*Id.*, PageId 435-36). Having reviewed the issue de novo, the undersigned finds the analysis and conclusion of the Magistrate Judge to be correct. Accordingly, Plaintiff's objection is overruled.

### C. Fourth Objection

Plaintiff appears to object on the basis that the Magistrate Judge did not find error by the ALJ in "not addressing the need to elevate his legs due to the MRI finding that the L4-5 lateral disc is protrusion that abuts and displaces the left L4 nerve root and he gets needle like pain in that leg." (Doc. 17, PageId 449). Plaintiff's objection, however, is not well taken.

The undersigned construes the objection as being directed to the Magistrate Judge's analysis as to whether the ALJ erroneously characterized the record evidence pertaining to Plaintiff's activities of daily living. (*See* Doc. 16, PageId 442). In her analysis, the Magistrate Judge determined that the medical evidence contrasts starkly with Plaintiff's testimony as to his physical conditions, pointing to the ALJ's recognition that "the limited objective evidence of record does not support a finding of disabling back pain." (*Id.*, PageId 442-43). The Magistrate Judge further noted that there is not "any opinion evidence in the record corroborating plaintiff's testimony that his physical impairments cause limitations in activities of daily living not accounted for by the ALJ's RFC formulation." (*Id.*, PageId 443). She also stated that

"plaintiff's reports were deemed less than fully credible by the ALJ and plaintiff does not challenge this finding." (*Id.*)

Upon de novo review, the undersigned agrees with the analysis and conclusion of the Magistrate Judge. The limitation as to elevating his legs stems from Plaintiff's testimony concerning the intensity, persistence and limiting effects of his symptoms (*see* Doc. 11, PageId 391), which the ALJ specifically determined was not credible to the extent it was inconsistent with the limitations described in his decision. (Doc. 9, PageId 57-58). Plaintiff does not challenge the credibility determination of the ALJ. Further, the ALJ "can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Loral Defense Systems--Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999) (citations and internal quotation marks omitted). The ALJ's factual findings as a whole must show only that he implicitly resolved any conflicts in the evidence. *Id.* Here, the ALJ's treatment of the evidence is supported by the record as a whole, as described by the Magistrate Judge. Plaintiff has not cited to any objective evidence undercutting the ALJ's decision that he did not suffer disabling back pain or opinion evidence of record that specifically corroborates this particular limitation. Consequently, there is no basis for finding that the ALJ erred in assessing Plaintiff's credibility or in not specifically addressing or adopting Plaintiff's testimony as to the need to elevate his legs for two hours. This objection is therefore overruled.

### E.  Fifth Objection

Plaintiff appears to assert that the Magistrate Judge erred in denying a Sentence Six remand to consider new evidence, that is, the treatment notes from Dr. Penix dated May 17, 2013 documenting clicking and locking of the flexor tendon of Plaintiff's left index finger and Dr. Penix's suggestion that he undergo a release procedure. (Doc. 17, PageId 449). The Magistrate

Judge expressly considered that evidence along with other submitted evidence, however, in denying a Sentence Six remand.  (Doc. 16, PageId 445).  Plaintiff does not indicate how or why the Magistrate Judge's analysis of that evidence was wrong and how de novo review will obtain a different result on that particular issue.  Rather, he expresses a disagreement with the Magistrate Judge's suggested resolution, which fails to demonstrate any error.  As the undersigned finds the Magistrate Judge's analysis to be both thorough and correct, the objection is overruled.

**F.      Sixth Objection**

Plaintiff contends that the Magistrate Judge engaged in improper post-hoc rationalization of the ALJ's decision by considering Plaintiff's report of his pain levels to various medical providers rather than considering the treating source's opinion, MRI findings, and continued hand problems.  (Doc. 17, PageId 450).  The undersigned disagrees.

Contrary to Plaintiff's assertions, the Magistrate Judge did not improperly advance new grounds to rationalize the ALJ's decision.  Instead, the Magistrate Judge did exactly what she is required to do—she determined whether the grounds identified by the ALJ were substantially supported by the evidence referenced in the decision.  Indeed, her analysis of the alleged errors focused on the analysis of the ALJ, including the specific evidence cited by and relied upon by the ALJ.  (Doc. 16).  Since not every piece of evidence must be addressed expressly by the ALJ in his decision, *Loral Defense Systems--Akron*, 200 F.3d at 453, it also was not improper to consider underlying documentation to determine whether, as a whole, the record evidence is consistent with the record evidence referenced by the ALJ in reaching the decision. Accordingly, this objection is overruled.

**G.      Seventh Objection**

Plaintiff objects to the Magistrate Judge's conclusion that the ALJ did not improperly formulate his RFC given Plaintiff's testimony as to his daily activities. (Doc. 17, PageId 451). His objection, however, is an almost verbatim recitation of the argument presented to and considered by the Magistrate Judge.  (Doc. 15, PageId 421-22).  Nothing in his objection identifies why the Magistrate Judge's analysis or conclusion was wrong, or how de novo review will obtain a different result.  As merely restating arguments previously presented does not present a specific objection for de novo review would simply duplicate the efforts of the Magistrate Judge, *Howard*, 932 F.2d at 508-09, this objection need not be reconsidered here.  As the Court is satisfied that there is not error in the Magistrate Judge's well-reasoned conclusion, Plaintiff's objection is overruled.

## IV.  <u>CONCLUSION</u>

Consistent with the foregoing, Plaintiff's Objections (Doc. 17) are **OVERRULED** and the Report (Doc. 16) is **ADOPTED** in its entirety.   Accordingly, the decision of the Commissioner is **AFFIRMED** and this matter shall be closed on the docket of the Court.

**IT IS SO ORDERED**.

s/Michael R. Barrett
JUDGE MICHAEL R. BARRETT
UNITED STATES DISTRICT COURT